**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff/Respondent,** | ) | |
| | ) | |
| **vs.** | ) | **Case No.  09-40073-JAR** |
| | ) | **Case No. 11-4139-JAR** |
| **BRIAN MAURICE WRIGHT,** | ) | |
| | ) | |
| **Defendant/Petitioner.** | ) | |
| _____ | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Petitioner Brian Maurice Wright's Motion Under 28

U.S.C. § 2255 to Vacate, Set Aside or Correct a Sentence by a Person in Federal Custody (Doc.

46) and Motion to Appoint Counsel (Doc. 47).  Petitioner claims that his counsel provided

ineffective assistance, and he also asserts that the Court erred in calculating the guidelines

sentencing range.  The Government has responded.  After a careful review of the record and the

arguments presented, the Court denies Petitioner's motions without further evidentiary hearing

because Petitioner has not met his burden in showing ineffective assistance of counsel and he has

waived his right to collaterally attack his sentence.

**I.       Legal Standards**

Under 28 U.S.C. § 2255(a):

A prisoner in custody under sentence of a court established by Act of Congress
claiming the right to be released upon the ground that the sentence was imposed in
violation of the Constitution or laws of the United States, or that the court was
without jurisdiction to impose such sentence, or that the sentence was in excess of
the maximum authorized by law, or is otherwise subject to collateral attack, may
move the court which imposed the sentence to vacate, set aside or correct the
sentence.

According to Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts:

> The judge who receives the motion must promptly examine it. If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion. . . .

An evidentiary hearing must be held on a § 2255 motion "unless the motion and files and records of the case conclusively show that the prisoner is entitled to no relief."[1] Petitioner must allege facts which, if proven, would warrant relief from his conviction or sentence.[2] An evidentiary hearing is not necessary where the factual allegations in a § 2255 motion are contradicted by the record, inherently incredible, or when they are conclusions rather than statements of fact.[3]

Finally, Petitioner appears *pro se*. Therefore, his pleadings are to be construed liberally and not held to the standard applied to an attorney's pleadings.[4] If a petitioner's motion can be reasonably read to state a valid claim on which he could prevail, a court should do so despite a failure to cite proper legal authority or follow normal pleading requirements.[5] It is not, however, "the proper function of the district court to assume the role of advocate for the *pro se* litigant."[6]

---

[1] 28 U.S.C. § 2255(b).

[2] *See Hatch v. Oklahoma*, 58 F.3d 1447, 1471 (10th Cir. 1995).

[3] *Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999) (quoting *Engelen v. United States*, 68 F.3d 238, 240 (8th Cir. 1995)); *see also Hatch*, 58 F.3d at 1471 (stating that "the allegations must be specific and particularized, not general or conclusory"); *United States v. Fisher*, 38 F.3d 1144, 1147 (10th Cir. 1994) (rejecting ineffective assistance of counsel claims which are merely conclusory in nature and without supporting factual averments).

[4] *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[5] *Id.*

[6] *Id.*

For that reason, the court shall not supply additional factual allegations to round out a petitioner's claims or construct a legal theory on his behalf.[7]

## II.      Statement of the Case and Procedural Background

On September 3, 2010, Petitioner entered a guilty plea to Count 1 of an Indictment charging him with being a felon in possession of ammunition, in violation of 18 U.S.C. § 922(g). On December 13, 2010, the Court sentenced Petitioner to serve 120 months of imprisonment, the maximum statutory penalty for the offense. This sentence was inside the guidelines range as calculated by the Court but well outside the range that both parties had anticipated when negotiating the plea agreement. On December 28, 2010, Petitioner filed a Notice of Appeal. On his direct appeal, Petitioner argued that the Court improperly calculated the guidelines range for his offense and that the Tenth Circuit could not enforce his waiver of his appellate rights because his attorney misled him about the possible sentence he would face after pleading guilty. The Tenth Circuit dismissed Petitioner's appeal, granting the Government's motion to enforce the appeal waiver in the Plea Agreement. The Tenth Circuit explained that Petitioner entered into the waiver knowingly and voluntarily and that he had not met the burden of showing that the waiver would result in a miscarriage of justice. The Tenth Circuit entered its order on March 31, 2011. Defendant then timely filed his § 2255 motion on October 12, 2011.

## III.      Discussion

Petitioner claims that he is entitled to relief under § 2255 because his counsel provided ineffective assistance by failing to inform him that he could be sentenced to 120 months of imprisonment and by instead telling him that his guidelines sentencing range would be 70 to 87

---

[7]*See Whitney v. State of New Mexico*, 113 F.3d 1170, 1173–74 (10th Cir. 1997).

months of imprisonment.  Petitioner also argues that the Court erred when calculating his guidelines range, making the sentencing procedurally and substantively flawed.  The Government responds, arguing that the motion must be dismissed because Petitioner has not shown that his counsel performed deficiently nor that any deficient performance caused prejudice.  The Government also argues that Petitioner waived his right to collaterally attack his sentence, and the Court should thus enforce the waiver and dismiss that portion of Petitioner's motion.

### A.      Ineffective Assistance of Counsel

The Court finds that the record conclusively demonstrates that Petitioner is not entitled to relief on his ineffective assistance of counsel claim.  In his § 2255 motion, Petitioner claims that his counsel provided ineffective assistance, resulting in a deprivation of his rights.  The Sixth Amendment guarantees that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defence."[8]  A successful claim of ineffective assistance of counsel must meet the two-pronged test set forth in *Strickland v. Washington*.[9]  First, a defendant must show that his counsel's performance was deficient in that it "fell below an objective standard of reasonableness."[10]  To meet this first prong, a defendant must demonstrate that the omissions of his counsel fell "outside the wide range of professionally competent assistance."[11]  This standard is "highly demanding."[12]  Strategic or tactical decisions on the part

---

[8]U.S. Const. amend. VI; *Kansas v. Ventris*, 556 U.S. 586, 129 S. Ct. 1841, 1844 (2009).

[9]466 U.S. 668 (1984).

[10]*Id*. at 688.

[11]*Id*. at 690.

[12]*Kimmelman v. Morrison*, 477 U.S. 365, 382 (1986).

of counsel are presumed correct, unless they were "completely unreasonable, not merely wrong, so that [they] bear no relationship to a possible defense strategy."[13]  In all events, judicial scrutiny of the adequacy of attorney performance must be strongly deferential: "[A] court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance."[14]  Moreover, the reasonableness of the challenged conduct must be evaluated from counsel's perspective at the time of the alleged error; "every effort should be made to 'eliminate the distorting effects of hindsight.'"[15]

Second, a defendant must show that his counsel's deficient performance actually prejudiced his defense.[16]  To prevail on this prong, a defendant "must show there is a reasonable probability that, but for his counsel's unprofessional errors, the result of the proceeding would have been different."[17]  A "reasonable probability" is a "probability sufficient to undermine confidence in the outcome."[18]  This, in turn, requires the court to focus on "the question whether counsel's deficient performance render[ed] the result of the trial unreliable or the proceeding fundamentally unfair."[19]  When ineffective assistance of counsel is alleged to have occurred at the plea stage, the defendant must show that "counsel's constitutionally ineffective performance

---

[13]*Fox v. Ward*, 200 F.3d 1286, 1296 (10th Cir. 2000) (quotation and citations omitted).

[14]*Strickland*, 466 U.S. at 689.

[15]*Edens v. Hannigan*, 87 F.3d 1109, 1114 (10th Cir. 1996) (quoting *Strickland*, 466 U.S. at 689).

[16]*Strickland*, 466 U.S. at 687.

[17]*Id*. at 694.

[18]*Id*.

[19]*Lockhart v. Fretwell*, 506 U.S. 364, 372 (1993).

affected the outcome of the plea process."[20]

      A defendant must demonstrate both *Strickland* prongs to establish a claim of ineffective assistance of counsel, and a failure to prove either one is dispositive.[21] "The performance component need not be addressed first. 'If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice . . . that course should be followed.'"[22] Petitioner cannot meet either prong of *Strickland*.

      Petitioner claims that his counsel performed deficiently by failing to tell him that he would not receive a sentence of more than 70 to 87 months of imprisonment and also by never telling him that he might receive a sentence of up to 120 months. First, Petitioner's allegations are insufficient to prove his counsel's performance constitutionally deficient. "A miscalculation or erroneous sentence estimation by defense counsel is not a constitutionally deficient performance rising to the level of ineffective assistance of counsel."[23] Thus, Petitioner has not alleged any conduct on the part of his counsel that rendered the counsel's performance deficient.

      Second, even if counsel's performance was deficient, Petitioner has not shown that he suffered any prejudice. The plea colloquy sufficiently informed Petitioner of the potential sentence that he could face, and after being so informed, he pleaded guilty. In two separate portions of the plea colloquy the Court emphasized that neither Petitioner's counsel nor the prosecution could predict the sentence he would receive. When addressing the Plea Agreement

---

[20]*Hill v. Lockhart*, 474 U.S. 52, 59 (1985).

[21]*Smith v. Robbins*, 528 U.S. 259, 286 n.14 (2000).

[22]*Id.* (quoting *Strickland*, 466 U.S. at 697); *see also Romano v. Gibson*, 239 F.3d 1156, 1181 (10th Cir. 2001) ("This court can affirm the denial of habeas relief on whichever *Strickland* prong is the easier to resolve.").

[23]*United States v. Gordon*, 4 F.3d 1567, 1570 (10th Cir. 1993) (citing *United States v. Estrada*, 849 F.2d 1304, 1307 (10th Cir. 1988); *Wellnitz v. Page*, 420 F.2d 935, 936 (10th Cir. 1970)).

between the parties, the Court explained that it was not bound by any recommendations of the

parties:

> THE COURT: Now, the plea agreement includes that the — as Mr.
> Hendershot just said, that you and the government will recommend to the Court that
> the Court sentence you to the low end of the applicable guideline range and no more
> than 60 months, at least the government will be asking for no more than 60 months.
> There are other provisions of this plea agreement that call for the government and/or
> you to make recommendations to the Court about your sentencing.
>
> I want you to understand, Mr. Wright, that the plea agreement is a contract
> between you and the government. It's an agreement that you and the government
> have made. The Court is not a party to the contract. What that means is the Court
> does not have to follow the recommendations, and if for some reason the Court does
> not, that would not give you the right to withdraw your plea. Do you understand
> that.
>
> DEFENDANT WRIGHT: Yes.[24]

The Court also explained the Sentencing Guidelines and how the Court uses the

Sentencing Guidelines to determine an appropriate sentence. After the Court explained many of

the factors that the Court uses to determine the appropriate guidelines range, including relevant

conduct and criminal history, the Court explained that no one could predict with certainty what

sentence Petitioner would receive. The Court also explained that Petitioner could receive a

sentence of up to 120 months of imprisonment:

> THE COURT: All right. So because the Court goes through all this analysis,
> it's pretty involved, and it's impossible for me to tell you with certainty today what
> sentence you'll receive. In fact, it's impossible for your lawyers to tell you with any
> certainty, it's impossible for the prosecutor to predict with certainty what sentence
> you'll receive until I go through this very involved analysis. Do you understand?
>
> DEFENDANT WRIGHT: Yes.
>
> THE COURT: All right. Now, here's what we can tell you with certainty.
> The crime that you're pleading guilty to, that statute has a maximum penalty. We
> can tell you that. We can tell you with certainty that you're not going to receive
> anything more than the maximum penalty under the statute. Mr. Hendershot, what's

---

[24]Change of Plea Hr'g Tr., Doc. 36, at 8.

the maximum penalty under the statute?

MR. HENDERSHOT: Your Honor, that theoretical maximum sentence is not more than ten years imprisonment, a $250,000 fine, not more than three years of supervised release, and a $100 mandatory special assessment.

THE COURT: All right. So Mr. Wright, I can tell you with certainty that you will not receive a sentence more than ten years of custody. Do you understand that?

DEFENDANT WRIGHT: Yes.[25]

These statements made under oath show that Petitioner understood that no one could predict his sentence and that he could receive a sentence of up to 120 months imprisonment—the sentence he ultimately received. Additionally, Petitioner testified under oath that he had reviewed the Plea Agreement with his attorney. The Plea Agreement states, "The defendant understands that the maximum sentence which may be imposed as to Count 1 of the indictment to which the defendant has agreed to plead guilty is not more than 10 years of imprisonment, a $250,000 fine, NMT 3 years of supervised release, and a $100 mandatory special assessment."[26] The Plea Agreement further states, "The defendant understands that the sentence to be imposed will be determined solely by the United States District Court."[27] As a result, Petitioner's claim that he was not informed that the Court could sentence him to up to 120 months of imprisonment, instead of the 70 to 87 months of imprisonment that his counsel predicted, lacks any credibility. Therefore, Petitioner has not met his burden for either prong of *Strickland*, and, as a result, is not entitled to relief under § 2255 for ineffective assistance of counsel.

---

[25]*Id.* at 14–15.

[26]Plea Agreement, Doc. 19 ¶ 1.

[27]*Id.* ¶ 6.

## B.    Advisory Guidelines Sentencing Range

Petitioner's next argument is that his sentencing was procedurally and substantively

flawed because the Court improperly calculated the guidelines range.  This argument, however,

was raised on appeal to the Tenth Circuit, and the Tenth Circuit determined that Petitioner

waived his right to appeal his sentence in his Plea Agreement.  Included in the appellate waiver,

Petitioner also waived his right to collaterally attack his sentence:

> The defendant also waives any right to challenge a sentence or otherwise attempt to
> modify or change his sentence or manner in which it was determined in any
> collateral attack, including, but not limited to, a motion brought under Title 28,
> U.S.C. § 2255 [except as limited by United States v. Cockerham, 237 F.3d 1179,
> 1187 (10th Cir. 2001)] . . . .[28]

The Government requests that the Court enforce this waiver.

Under *United States v. Hahn*, in determining whether to enforce a waiver, the Court must

consider "(1) whether the disputed appeal falls within the scope of the waiver of appellate rights;

(2) whether the defendant knowingly and voluntarily waived his appellate rights; and (3)

whether enforcing the waiver would result in a miscarriage of justice."[29]  The Tenth Circuit

already determined that Petitioner's appeal falls with the scope of the appellate waiver, that he

knowingly and voluntarily waived his appellate rights, and that enforcing the waiver would not

result in a miscarriage of justice.  Similarly, Petitioner's collateral attack under 28 U.S.C. § 2255

falls within the scope of his appellate waiver.  Defendant has presented no new evidence or

arguments in his current motion that changes the analysis from that presented to the Tenth

Circuit.  The Court therefore follows the findings of the Tenth Circuit and grants the motion to

---

[28]*Id.* ¶ 11.

[29]359 F.3d 1315, 1325 (10th Cir. 2004).

enforce the Plea Agreement. Thus, Defendant is not entitled to § 2255 relief, and the Court therefore denies his § 2255 motion.

## IV. Motion to Appoint Counsel

Rule 8(c) of the Rules Governing Section 2255 Proceedings requires a court to appoint counsel if an evidentiary hearing is warranted. A court may also appoint counsel under 18 U.S.C. § 3006A(a)(2) if the interests of justice so require. Here, the Court has determined that no evidentiary hearing is necessary and therefore it need not appoint counsel under Rule 8. Similarly, the Court finds that appointment of counsel is not necessary under § 3006A(a)(2). The record conclusively demonstrates that Petitioner is not entitled to relief. Thus, the interests of justice do not require appointment of counsel, and the Court therefore denies Petitioner's motion to appoint counsel.

## V. Certificate of Appealability

Rule 11 of the of the Rules Governing Section 2255 Proceedings requires the Court to grant or deny a certificate of appealability ("COA") when making a ruling adverse to the petitioner. A court may only grant a COA "if the applicant has made a substantial showing of the denial of a constitutional right."[30] A petitioner satisfies this burden if "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."[31] When the adverse finding is based on procedural grounds, the petitioner must also show "'that jurists of reason would find it debatable whether the district court was correct in its procedural

---

[30]28 U.S.C. § 2253(c)(2). The denial of a § 2255 motion is not appealable unless a circuit justice or a circuit or district judge issue a COA. *See* Fed. R. App. P. 22(b)(1); 28 U.S.C. § 2253(c)(1).

[31]*Saiz v. Ortiz*, 393 F.3d 1166, 1171 n.3 (10th Cir. 2004) (quoting *Tennard v. Dretke*, 524 U.S. 274, 282 (2004)).

ruling.'"[32]  While Petitioner is not required to demonstrate that his appeal will succeed to be entitled to a COA, he must "prove something more than the absence of frivolity or the existence of mere good faith."[33]  "This threshold inquiry does not require full consideration of the factual or legal bases adduced in support of the claims.  In fact, the statute forbids it."[34]  For reasons detailed above, Petitioner has not made a substantial showing of the denial of a constitutional right, and the Court denies a COA.

**IT IS THEREFORE ORDERED BY THE COURT** that Petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct a Sentence by a Person in Federal Custody (Doc. 46) is **DENIED**.

**IT IS FURTHER ORDERED** that Petitioner's Motion to Appoint Counsel (Doc. 47) is **DENIED**.

**IT IS SO ORDERED**.

Dated: February 16, 2012

 S/ Julie A. Robinson 
JULIE A. ROBINSON
UNITED STATES DISTRICT JUDGE

---

[32]*Yang v. Archuleta*, 525 F.3d 925, 928 (10th Cir. 2008) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

[33]*Miller-El v. Cockrell*, 537 U.S. 322, 338 (2003).

[34]*Id.* at 336.